Edith Renalda COPELAND et al.,
Appellants,

v.

The CITY OF DALLAS, Appellee.

No. 17433.

Court of Civil Appeals of Texas,
Dallas.

April 24, 1970.

Rehearing Denied May 15, 1970.

David M. Ivy, Hultgren, Vaughan, Jewell, Kolb & Ivy, Dallas, for appellants.

Ted P. MacMaster, Asst. City Atty., Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Edith Renalda Copeland and Dorothy Burgess Reilly (Clem), the surviving heirs of J. P. Burgess and wife, Callie J. Burgess, both deceased, brought this action in trespass to try title against the City of Dallas in which they sought to adjudicate the title, rights to and possession, use and enjoyment of certain lands, situated in a dedicated subdivision known as "The Hampton & Industrial Addition," said subdivision having been created and dedicated in 1944 by the ancestors and predecessors in title of plaintiffs, and being within the corporate limits of the City of Dallas, Dallas County, Texas, at the date of suit. Plaintiffs contended that they were entitled to all unplatted lands lying within the said subdivision.

The City of Dallas answered with a plea of "Not Guilty", general denial, and affirmative defenses of irrevocable dedication, estoppel by benefits, stale demand and laches. Both parties filed motions for summary judgment with supporting affidavits, maps, plats and stipulations. The trial court sustained the motion for summary judgment filed by the City of Dallas and overruled the motion filed by plaintiffs. The court thereafter rendered judgment in which it was held that the strip of land in dispute, known as "Lagoon Drive", as reflected on the map or plat of the Hampton & Industrial Addition, has been dedicated, as a matter of law, as a public street and thoroughfare; that plaintiffs were denied any recovery against the City of Dallas. It was decreed that the City of Dallas had an easement, without encumbrances or impairments, for the public use as a street on, under and across all of that certain tract or parcel of land dedicated as "Lagoon Drive" as shown by the map or plat of said Hampton & Industrial Addition.

Appellants appeal and bring forward one point of error in which they contend that the trial court erred in granting appellee's motion for summary judgment because un-

der the stipulated facts and uncontroverted affidavits and exhibits, appellants were entitled to judgment as a matter of law. We have carefully reviewed this record in accordance with well recognized rules of judicial review of summary judgments and have concluded that the trial court's judgment was correct. We therefore overrule appellants' point of error and affirm the judgment.

Both parties agree that no controverted issues of fact exist and that the question to be decided is solely one of law.

On September 21, 1944, J. P. Burgess and wife Callie J. Burgess, prepared and filed a dedication designating a tract of land near Hampton and Industrial Boulevard, in Dallas County, to be known as "Hampton & Industrial Addition". At the time of dedication the Burgess tract, which was subdivided and platted as the "Hampton & Industrial Addition" was located within Dallas County, Texas, and was within five miles of the corporate limits of the City of Dallas, a city of more than 25,000 population according to the 1920 census, therefore Art. 974a, Vernon's Ann. Civ.St. of Texas, relating to statutory dedication, was applicable. Accordingly, the subdivision plat and dedication was submitted to and approved by the Chairman of the City Plan Commission of the City of Dallas, Texas. It was certified to by John R. West, Jr., a licensed surveyor selected by Burgess and wife; signed and duly acknowledged by Mr. and Mrs. Burgess and filed for record on pages 185–187, Volume 8, Map Records of Dallas County. The dedication consisted of an instrument setting forth the metes and bounds of the addition, and a plat of two pages. A dedicatory certificate, signed and duly acknowledged by Mr. and Mrs. Burgess whereby they adopted the plat, expressly recited:

"Whereas, We, J. P. Burgess and Callie J. Burgess are the owners of a tract of land in the Geo. W. Dooley Survey, Abstract #390, Dallas Co., and being all of the J. P. Burgess Tract conveyed to

him by Deed of Record in Vol. 1129, Page 245 of the Deed Records of Dallas Co., Texas, that lies North of the Dallas City and County Levee right-of-way line of the North Levee * * * [followed by field notes] * * * We * * * do hereby adopt this plat designating the hereinabove described property, Hampton & Industrial Addition to the City of Dallas, Texas; *and we do hereby dedicate to the public use forever the streets and alleys* shown thereon." (Emphasis supplied.)

One of the maps attached to the dedicatory certificate includes the property in question and since it is the vital instrument concerning dedication we reproduce the same herewith:

[A1815]

Subsequent to the recordation of the subdivision plat and dedicatory instrument of the Hampton & Industrial Addition, J. P. Burgess made several sales of lots within the said subdivision, said sales being made with specific reference to the recorded plat. The earliest conveyance was from J. P. Burgess to Jacinto Martinez on October 20, 1944 and conveying Lots 29, 30 and 31 in Block 1 of Hampton & Industrial Addition as shown by the plat duly recorded. On October 20, 1944 J. P. Burgess conveyed to Joe Ochoa Lots 1, 2 and 3 in Block 9 of Hampton & Industrial Addition as reflected on the plat. On October 20, 1944 J. P. Burgess conveyed to Joe Ochoa Lots 10 and 11 of Block 3 of the Hampton & Industrial Addition as shown by the plat.

J. P. Burgess died intestate on June 15, 1950, leaving as his heirs at law, Callie J. Burgess, his widow, and his daughters, appellants herein. Following the death of Burgess, Callie J. Burgess, and appellants herein, also conveyed additional lots in the subdivision designated, all being conveyed with reference to the recorded plat.

At the time of dedication the ownership of the J. P. Burgess tract extended only to the river bank line as stipulated between the parties, and not to the mid-channel of the river, since it was in fact and law a navigable stream. Title to the property lying north of the bank of said river and the river bed was vested in the State of Texas.

The addition was annexed to the City of Dallas by virtue of three separate ordinances. All of the property included in said recorded plat as the Hampton & Industrial Addition is now located within the municipal limits of the City of Dallas, Texas.

It was stipulated that J. P. Burgess and Callie J. Burgess, both deceased, are the common source of title of the subject property of this suit and that both parties claim under such common source.

The question presented is whether or not the above facts are sufficient to show, as a matter of law, that Mr. and Mrs. Burgess, by the making and recording of the map or plat reproduced above, intended to and did dedicate the strip of land extending from Hampton Road and Lupo Drive, around the north end of Blocks 6 and 9 of the subdivision, and extending southward and designated as "Lagoon Drive" on said map to the County and City of Dallas, and to the public generally, for street purposes. Appellants contend that the map or plat does not demonstrate a clear intent on the part of the grantors to dedicate such strip of land; that there is no indication of a street name opposite the north side of Blocks 6 and 9; and no street was ever cut or graded in the area north of Blocks 6 and 9; and that there has never been a public use of the property claimed by appellants. Appellants further contend that the clear and obvious intent of the grantors was to reserve to themselves approximately 50 feet on the north and east sides of the subdivision.

Appellee contends that the map and plat clearly and unequivocally demonstrates the intent of the grantors to dedicate all of the strip in question as "Lagoon Drive" and that such dedication is irrevocable.

■ The correct rule of law relating to judicial construction of a dedication is found in City of Brownsville v. West, 149 S.W.2d 1034 (Tex.Civ.App., San Antonio 1941, writ dism'd jdgmt cor.), wherein the court said:

"The rule is that a dedication is in the nature of a donation of one's land to the public for a public use without consideration, and therefore is never presumed but must be manifested either by a declaration or act which evinces the clearest intention on the part of the dedicator to presently set aside and appropriate a certain part of his land for a public use.

Corpus Juris Vol. 18, p. 52, announces the rule as follows:

" 'Irrespective of how the dedication is claimed to be made, in order to constitute a valid dedication there must be an intention on the part of the owner to devote his property to the public use, and the intention must be clearly and unequivocally manifested, whether the dedication is claimed by acts in pais or by solemn conveyance of record.' "

See also City of Tyler v. Smith County, 151 Tex. 80, 246 S.W.2d 601 (1952); City of Houston v. Scanlan, 120 Tex. 264, 37 S.W.2d 718 (1931); Cockrell v. City of Dallas, 111 S.W. 977 (Tex.Civ.App., Dallas 1908); City of Dallas v. Leake, 300 S.W. 2d 135 (Tex.Civ.App., Dallas 1957, writ ref'd n. r. e.); 23 Am.Jur.2d, Dedication, § 19, p. 17; and 19 Tex.Jur.2d, Dedication, § 19, p. 199.

In 23 Am.Jur.2d, Dedication, § 26, this rule of construction is announced:

"A plat or map must be fairly and reasonably construed in accordance with the general rules pertaining to the construction of deeds or other instruments granting or pertaining to real property. It must be considered as a whole; all lines, figures, letters, and records used thereon must be considered. In short, no part of a plat or map is to be rejected as superfluous or meaningless, if it can be avoided.

"Unambiguous language in a plat or map will be given its manifest meaning, but any ambiguity or doubt as to the intention of the dedicator must ordinarily be construed most strongly against him, and in favor of or to the reasonable advantage of the public or grantees of the dedicated use."

In Elliott on Roads and Streets, 4th Edition, Sec. 130, we find the following pertinent rule:

"Dedications by maps and plats are sometimes so made as to render it difficult to determine their nature and extent. We think it is a safe general rule to resolve doubts in such case against the donor, and, within reasonable limits, to construe the dedication so as to benefit the public rather than the donor. Naturally the presumption is that one who records a plat, and marks upon it spaces that appear to form no part of any platted lots, dedicates the land represented by the spaces thus excluded to a public use."

In Priolo v. City of Dallas, 257 S.W.2d 947 (Tex.Civ.App., Dallas 1953, writ ref'd n. r. e.), we held that:

" * * * the cardinal rule of construction upon the subject of dedication by maps or plats is that which prevails respecting ordinary grants, and that is to discover and give effect to the intention of the party as manifested by his acts."

■ The question of intent to dedicate must be resolved by looking primarily to the plat and dedicatory affidavit to determine that intention. Shields v. Harris County, 248 S.W.2d 510 (Tex.Civ.App., Fort Worth 1952, writ ref'd n. r. e.); and Maisen v. Maxey, 233 S.W.2d 309 (Tex. Civ.App., Amarillo 1950, writ ref'd n. r. e.).

■ A careful examination of the recorded plat containing the dedicatory affidavit reveals that all requirements of platting, attestations of the surveyor, approval of the City Plan Commission of the City of Dallas, due acknowledgment of the grantors, and recordation in the County Clerk's Office of Dallas County, and of the fact that the Burgess tract, when subdivided, was within five miles of the corporate limits of the City of Dallas. When Mr. and Mrs. Burgess adopted the Hampton & Industrial Addition plat, subdividing their tract into blocks, lots and streets, and which was prepared by their own surveyor, they expressly and unequivocally declared and acknowledged that they were the owners of the tract of land known as the J. P. Burgess Tract that lies north of the Dallas

City and County Levee right-of-way line of the north levee, and that they dedicated to the public use forever the streets and alleys shown on said plat. This language is clear, specific and unambiguous and contains no words of reservation. Had grantors intended to reserve to themselves any part or portion of the open space lying north of and on either side of Blocks 6 and 9 of the addition, they could have easily done so either by written word or drawing a line on the map. This was not done. We are not impressed with the argument that because the words "Lagoon Drive" are printed opposite Blocks 11 and 13 on the map they restrict and confine "Lagoon Drive" to that area alone. When the plat is examined it plainly shows a platted street at the north end of the addition, running parallel to a solid line symbolizing the river bank as surveyed. Its width will vary, depending on where one is measuring from. The area is clearly a well defined part of the street labeled "Lagoon Drive". There are no markings on the plat or provisions expressly recited elsewhere which specifically or clearly imply any reservation of absolute ownership of the original grantors, which would inure to the benefit of their heirs and successors in title. Appellants seek to rely upon our decision in City of Dallas v. Leake, 300 S.W.2d 135 (Tex.Civ.App., Dallas 1957). We cannot agree with appellants for the simple reason that the plat in *Leake*, supra, is obviously distinguishable in that the area of land in that case appeared to be vacant, open at both ends, and conveying no clear intent to dedicate.

We think the factual situation is very similar to that found in Martinez v. City of Dallas, 102 Tex. 54, 109 S.W. 287 (Tex.Civ.App., Dallas 1908, affirmed S.Ct., 113 S.W. 1167). There the plat contained a strip of land not marked or named in any manner. The court said:

"This map indicated the subdivisions by blocks, lots, streets, and alleys, the streets being named, but the alleys were not named. The strip in controversy was not named on the map. It shows a strip wider than the alleys, but not quite as wide as the streets named. To one buying property in Ervin's addition to the city of Dallas the recorded map clearly indicated that the strip was intended as a street or an open way reserved for public use."

We are convinced that Mr. and Mrs. Burgess evidenced a clear and unequivocal intent, by the filing of the plat and dedicatory affidavit, to convey to the public generally the well defined open space marked on the map extending completely around Blocks 6 and 9 and clearly being a part of Lagoon Drive. City of Uvalde v. Stovall, 279 S.W. 889 (Tex.Civ.App., San Antonio 1925, writ ref'd).

Furthermore, after the dedication and filing of the plat in question Mr. and Mrs. Burgess coupled their intent with actual conveyances of various lots contained in the addition to several grantees and each instrument making reference to the plat in question. It is well settled in Texas that a dedication once made, coupled with sales of lots, said sales having been made with reference to the map or plat constituting the dedication, becomes binding and irrevocable. Oswald v. Grenet, 22 Tex. 94 (1858); Martinez v. City of Dallas, 102 Tex. 54, 113 S.W. 1167 (1908); Adams v. Rowles, 149 Tex. 52, 228 S.W.2d 849 (Tex. Sup.1950); and Priolo v. City of Dallas, 257 S.W.2d 947 (Tex.Civ.App., Dallas 1953, writ ref'd n.r.e.).

We cannot agree with appellants that because the City of Dallas has never taken any action to open the disputed area as a street or public thoroughfare that such failure could affect or diminish the original dedication made by Mr. and Mrs. Burgess. Our Supreme Court in City of Corsicana v. Zorn, 97 Tex. 317, 78 S.W. 924, in 1904, decided this question contrary to the contention of appellants. The court there said that the conveyance vested in the public and in the City of Corsicana the

right to take possession of and use said streets and alleys whenever the progress and development of the town should make it necessary so to do. "It is objected on the part of Mrs. Zorn that there has been no acceptance by the city of the dedication. There was no necessity for such acceptance, for the right which vested in the purchasers of the different lots, and through them in the public, was irrevocable. It was not expected that the streets and alleys should all be opened at once, but, as is well known in the history of such transactions, many years might elapse before the settlement of that part of the city would require the use of such streets." See also McLennan County v. Taylor, 96 S.W.2d 997 (Tex.Civ.App., Waco 1936); Maisen v. Maxey, 233 S.W.2d 309 (Tex.Civ.App., Amarillo 1950); and Kelly v. City of Marlin, 340 S.W.2d 507 (Tex.Civ.App., Waco 1960).

We are convinced that the record in this case demonstrates, as a matter of law, that appellants are estopped to deny the validity and limits of the dedication of the strip known as Lagoon Drive on the plat in question.

In their brief appellants contend that Mr. and Mrs. Burgess, and the surveyor of their selection, made a mistake which resulted in unplatted and undedicated land. We cannot agree with such theory because such mistake, if any, was unilateral and not mutual. No suit has been filed to reform the instrument based upon unilateral mistake or mutual mistake. In the case of Wood v. City of El Dorado, 375 S.W.2d 363, decided by the Supreme Court of Arkansas in 1964, the court held that, in a parallel fact situation, the claim of unilateral mistake which was not raised until eighteen years later, was made too late. In this connection the court said:

"Furthermore, there was a lapse of over eighteen years from the filing of the plat and deed of dedication in 1942 until the filing of the present suit in 1961, claiming a mistake to have been made by the owners and dedicators in 1942. In the meantime, many people had purchased property, relying on the filed plat and deed of dedication. Even if we assume to be true all of the claimed intentions, thoughts, and desires of the dedicators in 1942, still the fact remains that no one misled any of the dedicators. They filed the plat and deed of dedication in 1942, and third persons—the City, the intervenors, and others—have relied on the plat and deed of dedication. The plaintiffs cannot now be heard in their effort to overcome a unilateral mistake after all these years have passed."

Here the instant case was filed twenty-two years following the dedication of the Hampton & Industrial Addition. Certainly the same rule of law should apply as in the cited case.

The judgment of the trial court is affirmed.