

**NUMBER 13-09-00315-CV**

# COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS AND THE TEXAS
DEPARTMENT OF TRANSPORTATION,                    Appellants,

v.

NICO-WF1, L.L.C.,                                                      Appellee.

### On appeal from the 107th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides, and Vela**
**Memorandum Opinion by Justice Benavides**

This is an appeal from an order granting NICO-WF1, L.L.C.'s ("NICO") motion for

summary judgment on its counter-suit for declaratory judgment and denying the motion for

summary judgment filed by the State of Texas and the Texas Department of Transportation

(collectively, the "State").

The underlying suit brought by the State involves NICO's building and concrete

awning located on Arroyo Boulevard in the city of Los Fresnos, Texas, which the State argues encroaches upon its public use right-of-way. By four issues, the State argues that: (1) when the streets were dedicated to public use, there was no intention to reserve the outermost fifteen feet of the streets for property owners to build upon; (2) the building and attached concrete awning are located within the public right-of-way and therefore constitute an encroachment; (3) the State has the affirmative duty to remove an encroachment from a right-of-way dedicated to public use; and (4) a private party cannot limit or control the State's discretion over the use of streets dedicated to the public. By a cross-issue, NICO argues that in the event the trial court's declaratory judgment is not affirmed, the State has not established each element of its cause of action for trespass as a matter of law, and therefore, is not entitled to summary judgment but only a remand. We affirm.

## I. BACKGROUND

Except where specifically noted, the following facts are undisputed. NICO is the owner of the building and attached concrete awning and covered sidewalk located at 704 North Arroyo Boulevard, also known as FM 1847, in Los Fresnos. The building is situated on Lots 28-34, Block 13 of the original townsite of Los Fresnos. NICO's building and attached structures, including the concrete awning, sidewalk, and steps, currently extend nine to ten feet into the 100 foot-wide area designated as Arroyo Boulevard, but all of the structures remain outside of the current curb lines of Arroyo Boulevard. The building was constructed sometime during the 1930s and retains all of its original characteristics, including the awning-covered sidewalk. The State claims in its brief, without citing any support in the record, that it has contracted to make improvements to Arroyo Boulevard "[i]n order to improve mobility and enhance safety" on the road, and that the State requires the use of the additional nine to ten feet to complete its proposed improvements. The

2

Arroyo Boulevard public roadway is currently seventy feet wide from curb to curb—stretching thirty-five feet in each direction from the center stripe. In October 2008, the State filed the underlying suit alleging trespass and asking for an injunction requiring NICO to remove a portion of its building and the entire awning-covered sidewalk.

The streets, boulevards, and alleys of Los Fresnos, including Arroyo Boulevard, were dedicated to public use in the subdivision plat titled, "Map of Unit A of the Townsite of Fresnos," ("townsite map") dated January 21, 1928 and recorded in volume 7, page 48 of the map records of Cameron County, Texas. The dedication language in the townsite map provides:

> I, A. H. Fernandez, Trustee, the owner of the land as shown on the accompanying map, have caused said land to be surveyed, subdivided, platted and named as shown by said map, and do now hereby dedicate to public use, subject to the conditions, restrictions and reservations hereinafter enumerated, the streets, boulevards and alleys as shown on said map.

> The said A. H. Fernandez, Trustee, now here specifies, that curb line shall be ten (10) feet inside the line of all streets and boulevards above mentioned, with ten (10) feet radius curvature at all block corners, except on Arroyo Boulevard where the curb line shall be fifteen (15) feet inside the street line and on Alamo Street the curb line shall be seven and one-half (7 1/2) feet inside the street line.

> The said A. H. Fernandez, Trustee, now has the right and now here reserves and retains the right to occupy and use said streets, boulevards and alleys for purposes of constructing, maintaining and operating ditches, gutters, pipe-lines and culverts, and other appurtenances for drainage purposes, pipe-lines and conduits with necessary appurtenances for the distribution and sale of water, gas or oil for railroads or other lines of transportation for the carriage of freight or passengers, for lines of poles and wires, or conduits, for the purposes of the distribution and sale of light or power, and for telephone or telegraph purposes. The said A. H. Fernandez, Trustee, now here reserves the right to excavate and grade and otherwise improve all streets, boulevards and alleys and to temporarily interfere with the use of same while so doing.

> The rights herein reserved may be assigned in whole or in part to other persons, firms or corporations, or may be dedicated to public use.

3

The dispute in this case arises out of the resulting boundaries of the public use dedication of Arroyo Boulevard based on this dedication language. In the townsite map itself, text indicating the width of Arroyo Boulevard notes "100, 50x50." In certain portions of the map, however, an additional dotted line indicates where fifteen feet is cut off on each side of Arroyo Boulavard. In another part of the townsite map, a similar dotted line appears with the text, "curb line."

The State filed a petition for injunction requesting that NICO be required to remove part of its building and attached concrete awning because it is located within the State's right-of-way. In response, NICO filed a counter suit for declaratory judgment seeking a declaration that its building and awning did not encroach on the State's right-of-way. Each party filed motions for summary judgment.

Following an April 16, 2009 hearing on the parties' competing motions for summary judgment, the trial court granted NICO's motion for summary judgment and denied the State's motion for summary judgment on April 21, 2009, and entered final judgment on May 7, 2009. Based on the language in the townsite map, the trial court made findings in its judgment, among others, that: (1) the right-of-way easement for public roadway purposes only extends to the present curb lines, thirty-five feet in either direction from the centerline of Arroyo Boulevard; (2) the building and all structures attached thereto are entirely outside the curb lines established on Arroyo Boulevard and are not an encroachment into the right-of-way easement; and (3) NICO, as the successor in title to A. H. Fernandez, has retained the right to make improvements to the portion of Arroyo Boulevard lying in the fifteen-foot area between the street line and the curb line. This appeal ensued.

## II. STANDARD OF REVIEW

We review the order granting NICO's traditional motion for summary judgment and denying the State's traditional motion for summary judgment de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id*. When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, as here, the reviewing court considers the summary judgment evidence presented by both sides, determines all questions presented, and if the reviewing court determines that the trial court erred, renders the judgment the trial court should have rendered. *Id*.; *see FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

## III. ANALYSIS

Each party in this case presents the 1928 townsite map as the basis for establishing its entitlement to a judgment as a matter of law, and the interpretation of that document determines our disposition on each of the State's issues on appeal.

"[T]he cardinal rule of construction upon the subject of dedication by maps or plats is that which prevails respecting ordinary grants, and that is to discover and give effect to the intention of the party as manifested by his acts." *Priolo v. City of Dallas*, 257 S.W.2d 947, 952 (Tex. Civ. App.–Dallas 1953, writ ref'd n.r.e.). In order to give effect to the intentions of the granting party, "[a] plat or map must be fairly and reasonably construed . . . [and] must be considered as a whole; all lines, figures, letters, and records used thereon must be considered. In short, no part of a plat or map is to be rejected as superfluous or meaningless, if it can be avoided." *Copeland v. City of Dallas*, 454 S.W.2d

5

279, 283 (Tex. Civ. App.–Dallas 1970, writ ref'd n.r.e.).

## A.     The Outermost Fifteen Feet of Arroyo Boulevard

By its first issue, the State contends that the outermost fifteen feet on either side of the designated curb lines of Arroyo Boulevard are restricted to public use and that it is an encroachment on the State's right-of-way easement for a private owner to build on, or otherwise restrict access to, that segment of property.

NICO and the State agree in this case that the 1928 townsite map explicitly shows the width of each road that was being dedicated to public use, and, specifically, that Arroyo Boulevard is shown to be "100, 50x50" or 100 feet wide.  Additionally, each party agrees that the dedicating language provides that all dedications in the townsite map are "subject to the conditions, restrictions and reservations [therein] enumerated," and among these "conditions" is that the curb line on Arroyo Boulevard "shall be fifteen feet inside the street line."

It is clear that NICO is the fee simple owner of the portion of Arroyo Boulevard immediately adjoining its property and lying between the easternmost boundary of its property and the centerline of Arroyo Boulevard, subject only to a right-of-way easement granted to the State.  In other words, the State does not own the property on which Arroyo Boulevard is currently located; it only has the ability to use that property for the purpose of a public roadway, and only subject to the conditions, restrictions, and reservations in the dedication language contained in the original townsite map.  The proposition that a grantor maintains fee simple ownership of property designated for public use is well-settled Texas law.[1]

---

[1] *See Humble Oil & Ref. Co. v. Blankenburg*, 149 Tex. 498, 235 S.W.2d 891, 893 (1951) ("[T]he dedication . . . [for] the use and benefit of the public did not convey the Townsite Company's title.  It created an easement, the fee remaining in the Townsite Company subject to the easement."); *see also Pittman v. City*

6

If we were to hold that the townsite map gave the State a right-of-way easement to the entire 100-foot-width indicated on the map, we would be considering the condition included in the designating language—that the curb lines were to be fifteen feet inside the street line—to be simply "superfluous or meaningless," and for that reason, we cannot so hold. *See Copeland*, 454 S.W.2d at 283. The designating language specifically notes an exception to the townsite map's indication that the State's right-of-way easement would be 100 feet wide by noting "that [the] curb line shall be ten (10) feet inside the line of all streets and boulevards above mentioned, with ten (10) feet radius curvature at all block corners, except on Arroyo Boulevard where the curb line shall be fifteen (15) feet inside the street line." This language is clear and unambiguous, and therefore, to "give effect to the intention of the [grantor] as manifested," we uphold the trial court's interpretation of the townsite map. *See Priolo*, 257 S.W.2d at 952. Specifically, we hold that the townsite map limited the right-of-way easement for roadway purposes to a maximum of seventy feet, being thirty-five feet on either side of the centerline of Arroyo Boulevard to the easternmost and westernmost curb lines. We overrule the State's first issue.

## B.    Curb Line vs. Street Line

By its second issue, the State contends that, even though NICO's building and awning-covered sidewalk are outside the *curb* line, the building and awning-covered sidewalk are inside the *street* line, and therefore, constitute an encroachment.

---

*of Amarillo*, 598 S.W.2d 941, 944 (Tex. Civ. App.–Amarillo 1980, writ ref'd n.r.e.) (citing *Hill Farm, Inc. v. Hill County*, 436 S.W.2d 320, 321 (Tex. 1969); *City of Mission v. Popplewell*, 156 Tex. 269, 294 S.W.2d 712, 715 (1956); *City of Fort Worth v. Sw. Magazine*, 358 S.W.2d 139, 141 (Tex. Civ. App.–Fort Worth 1962, writ ref'd n.r.e.); *Tex. Co. v. Texarkana Mach. Shops*, 1 S.W.2d 928, 931 (Tex. Civ. App.–Texarkana 1928, no writ)) ("When a road or street is dedicated to the public, the governmental entity exercising jurisdiction over the street ordinarily acquires only an easement in the street and holds the street in trust for the benefit of the public. The easement held by the governmental entity necessarily carries with it the right to use and control as much of the surface or subsurface of the street as may be reasonably needed for street purposes. Unless the dedication states otherwise, the abutting landowner owns the fee simple title to the center of the street, subject to the public easement.").

7

Having held that the roadway easement does not extend past the curb line, the question is whether the State owns an easement to the additional fifteen feet for any other purposes besides a roadway such that NICO would not be permitted to build on that property. The dedicating language manifests only an intent to dedicate Arroyo Boulevard for use as a public roadway, and because the roadway was limited to the seventy feet inside the curb lines, as the townsite map clearly indicates, then it must be the case that the additional fifteen feet was not dedicated for any public use whatsoever. Therefore, we hold that the State's public use right-of-way for any other purposes did not extend outside the seventy feet from curb line to curb line.

The State correctly points out, that "where a width of land is dedicated to roadway easement, the amount dedicated is not reduced by actual use of a lesser width." *Steinberger v. Archer County*, 621 S.W.2d 838, 842 (Tex. App.–Fort Worth 1981, no writ). The State points us to the case of *Joseph v. City of Austin*, where a similar dispute arose about the outermost fifteen feet of a roadway dedicated to public use. 101 S.W.2d 381, 383 (Tex. Civ. App.–Austin 1936, writ ref'd). *Joseph* is distinguishable, however, because there is no indication that a specific reservation of the outermost fifteen feet appeared in the dedication language, nor that there was a specific designation as to where the curb lines would be placed. *See id.* We do not construe the townsite map in this case to convey any roadway easement beyond that currently being used—the seventy feet inside the designated curb lines. We construe the "street line," as referenced in the dedication language, to be merely a reference point from which the curb line can be described. For the same reasons discussed above, we hold that the State's only right-of-way easement for street use is within the current seventy-foot width of Arroyo Boulevard, and therefore,

8

there is no encroachment so long as the building is outside the curb line. The parties agree that NICO's building is at least five feet outside the curb line, and therefore, we overrule the State's second issue.

## C.     State's Duty to Remove Encroachments

By its third issue, the State contends that it has an affirmative duty to remove an encroachment from a right-of-way dedicated to public use. Because we have already held that NICO's building and awning covered sidewalk do not extend into the State's public use right-of-way, we overrule the State's third issue.

## D.     State's Discretion to Determine Curb Line Placement

By its fourth issue, the State contends that the dedicating language in the original townsite map could not permissibly control the State's discretion in determining where to place the curb lines on Arroyo Boulevard; thus, the State retained the ability to place the curb lines for Arroyo Boulevard at a width of up to 100 feet. We have already held that the dedication language was intended only to create a public road right-of-way easement for the seventy feet in which Arroyo Boulevard is currently located, not the entire 100 foot width indicated in one portion of the townsite map. The State's discretion to designate where the curb line will be placed extends only out to its current position of seventy feet from curb to curb. Though we agree that the State has discretion to determine where in its right-of-way it will build a roadway, it does not have discretion to build a roadway outside of its right-of-way easement. *See Joseph*, 101 S.W.2d at 385 (noting that "[t]he public authorities are the exclusive judges [of] when and to what extent the streets shall be improved," but limiting this general rule to interests in which there is a "public interest"). For the reasons stated here and in our construction of the townsite map above, we overrule

9

the State's forth issue.

## E.    Public Policy

Additionally, throughout its brief, the State appeals to public policy in an effort to convince this Court of the necessity of finding that the right-of-way easement extends to 100 feet in width.  In one instance, the State notes that "[t]he demands of the public and the progress of the area surrounding Los Fresnos require Arroyo Boulevard/FM1847 to be widened and improved."  We are wholly unconvinced of the negative public policy effects of affirming the trial court's  judgment in this case because the State maintains the ability to condemn the property for public use if it is indeed necessary for the public benefit, and moreover, this Court is not permitted to create property rights in order to satisfy some perceived public need.  *See generally* TEX. PROP. CODE ANN. §§ 21.011-.016 (Vernon 2008) (outlining the procedures for eminent domain condemnation).

## IV. CONCLUSION

For the forgoing reasons, we affirm the trial court's order granting NICO's motion for summary judgement and denying the State's motion for summary judgment, and we affirm the trial court's final declaratory judgment findings in their entirety.[2]

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
16th day of December, 2010.

_____

[2] As we affirm the judgment, we need not reach NICO's counter issue on appeal. *See* TEX. R. APP. P. 47.1, 47.4.

10