## DOZIER v. CITY OF AUSTIN. (No. 6980.)

(Court of Civil Appeals of Texas. San Antonio. June 13, 1923. Rehearing June 27, 1923.)

1. Municipal corporations ⬅⇒697(4)—In city's suit to compel removal of alley obstructions, damages need not be alleged.

In city's suit to compel removal of obstructions in an alley, the city need not allege damages from the obstructions.

2. Dedication ⬅⇒35(3)—No formal acceptance needed.

Where lots have been sold to purchasers and improved by them with reference to the plat of the addition, no formal acceptance of the streets and alleys therein by the city is necessary, and where the city lays a water pipe along a street or alley after plat is filed and dedication is made, or one of the streets is graded and worked by the city, this is sufficient.

3. Municipal corporations ⬅⇒665—Ownership of land on alley held not to justify owner's obstruction of alley.

That landowner owned land on both sides of an alley did not justify his obstructing it by building therein.

4. Municipal corporations ⬅⇒667—Cost of improvements made on street or cost of gravel held immaterial.

As respects a landowner's right to obstruct a street, the cost of improvements he placed on the street, or the amount he paid for gravel to put on it, held immaterial.

5. Municipal corporations ⬅⇒693—Any permanent structure materially encroaching upon street may be abated.

Any permanent structure or purpresture which materially encroaches upon a public street and impedes travel is a nuisance per se and may be abated, notwithstanding space is left for the passage of the public, for there can be no rightful permanent use of the way for private purposes and no question of the reasonableness or unreasonableness of a permanent obstruction can ever arise, and, as respects abatement of such structures, the balance of convenience theory or question of comparative damages has no place.

Appeal from District Court, Travis County; Cooper Sansom, Judge.

Suit by the City of Austin against W. E. Dozier. From judgment for plaintiff, defendant appeals. Affirmed.

Barlow & Barlow, of Austin, for appellant. J. B. Rector and Hart & Patterson, all of Austin, for appellee.

FLY, C. J. This is a suit instituted by appellee to obtain a judgment requiring appellant to remove certain obstructions placed by appellant in and upon a certain alley in said city, lying on the east of a certain lot No. 1 of Johnson's River addition, south of Dam boulevard, that said alley was dedicated to appellee by Charles Johnson who divided the addition into lots and blocks and dedicated the streets and alleys adjacent thereto as shown by a map or plot of said subdivision recorded in Plat Book 2, page 244, Travis County Plat Records. The cause was tried by jury on special issues, and upon the answers to such special issues judgment was obtained requiring appellant to remove all obstructions placed by him on said 19 feet alley on the east of his lot No. 1.

The alley was shown by the evidence to have been legally dedicated as an alley to the city of Austin, and that the city, as found by the jury, had fully accepted the dedica-

tion, that appellant had projected his garage into the alley for the distance of 2 feet so as to prevent or unreasonably interfere with the full and free use of said alley, and that appellant had constructed his curbing along said alley, for a distance of 6 feet into the same in such way as to prevent or unreasonably interfere with the full and free use by the public of such alley.

[1] The pleadings of appellee were sufficient to state a cause of action against appellant. The facts stated showed that appellee had no remedy at law, and no allegation of damages was required to entitle appellee to an order commanding appellant to remove any obstructions placed by him in any street or alley of the city. A city cannot recover damages arising from the obstruction of streets. It has the right to have them removed. Appellee is a corporation organized by its citizens to administer their affairs, have their laws executed, protect their streets, alleys, and public grounds from trespassers and invaders of their rights, and, in seeking the aid of the courts of Texas to remove obstructions from streets and alleys placed there by trespassers and those acting in defiance of law, it does not devolve upon such corporation to allege or prove damages or that it has an adequate remedy at law for such relief. It has no such remedy at law. The only matter to be alleged or proven was the invasion of a public right. Dillon, Mun. Corp. § 1130; State v. Goodnight, 70 Tex. 682, 11 S. W. 119; Oxford v. Willoughby, 181 N. Y. 155, 73 N. E. 677; Woodbridge v. Middlesex Water Co. (N. J. Ch.) 68 Atl. 464. This action was brought by the guardian of the public to conserve the rights which the public have in the alley as a highway. The duty rested on the city to have the obstruction removed. Joyce on Injunctions § 1285, and authorities cited in footnote. The first, second, third, eleventh, fourteenth, fifteenth, sixteenth, eighteenth, and nineteenth assignments are overruled, with the first, second, and third propositions thereunder.

[2] The fourth proposition, claiming to be propounded under the fifteenth assignment of error, is really a lengthy statement of facts followed by two propositions, one that a charge copied in the statement is erroneous, and the other that an acceptance of one street or alley is not an acceptance of all the streets and alleys embraced in a platted addition. Wherein the charge is erroneous is not indicated. It is not stated in the charge, nor claimed by any one that the acceptance of one street or alley in an addition would be an acceptance of all the streets and alleys designated on a plat or map of an addition. However, there is sufficient authority to the effect that formal acceptance by the city is not required where lots have been sold to purchasers and improved by them with reference to the plat of the addition. The very fact that lots were sold off in the addition gave the right, not only to the purchasers to use the designated streets and alleys, but also to the general public. The sale and conveyance of the lots, according to the plan of the addition, was a grant that carried with it the implied covenant that the streets and other public places should be forever open to the use of the public, and gave the right to the city of Austin, as the organized representative of the public, to take possession of and use the streets and alleys whenever the progress of the city demanded it. City of Corsicana v. Zorn, 97 Tex. 317, 78 S. W. 924; Martinez v. City of Dallas, 102 Tex. 54, 109 S. W. 287, 113 S. W. 1167; Townsite Co. v. Paducah Tel. Co., 109 Tex. 452, 212 S. W. 147. In the Martinez Case the opinion of the Court of Civil Appeals of the Fifth District was adopted, and in that opinion Chief Justice Rainey said:

"There was no specific act by the city shown to indicate an acceptance before the execution of the deed by Ervin to Overand, but there was no necessity of such acceptance to make such dedication binding, where the owner of such property has conveyed to parties with reference to such dedication."

This is reiterated in the Paducah Telephone Company Case

It has also been held that an acceptance may be implied where the street or alley is beneficial to the public. Elliott, Roads & Streets, § 167. The lot was sold to appellant by the original owners of the tract being described as lot 1 in block 1 of Johnson's Addition, "according to the map or plat of said addition as the same appears of record in Plat Book No. 2, page 244, of the Plat Records of Travis County, Texas." The city had a water pipe laid along the street or alley in question after the plat was filed and the dedication made.

Although appellant bought with reference to the plat, he began at once to encroach upon the boulevard north of him, on the street to the east of him, and also on the west. He recognized the existence of the alley by improving it for travel, but sought to appropriate a part of it to his own use and benefit. It was in proof that:

"This 19-foot strip has always been open and free to passage backwards and forwards, as indicated on the plat, since the plat was made and filed."

Eddy street, one of the streets dedicated by the plat to the city of Austin, has been graded and worked by the city. These conclusions of fact as well as the law dispose of the fifth proposition, under assignments 18 and 19, adversely to appellant.

[3, 4] The sixth, seventh, and eighth propositions under assignment of error Nos. 2, 8, 11, 12, and 13, are overruled. It was utterly immaterial whether appellant owned land on

both sides of the alley or not. Owning on both sides did not authorize him to appropriate the whole or any part of the street running between his two lots or tracts. Neither did the cost of the improvements placed by appellant in the street, nor the amount he paid for gravel to put on it, have any pertinence or importance in this case. These matters could not mitigate nor justify his illegal appropriation of public property to his own use and benefit.

[5] The court charged the jury:

"The obstruction of a street, alley or passageway is the placing or constructing of anything or object in such street, alley or passageway in such a place or manner as will prevent or unreasonably interfere with the full and free use by the public of any street, alley, or passageway or any portion thereof."

The charge is correct. "Public highways belong from side to side and end to end to the public" and any permanent structure or purpresture which materially encroaches upon a public street and impedes travel is a nuisance per se, and may be abated, notwithstanding space is left for the passage of the public. This is the only safe rule, for, if one person can permanently use a highway for his own private purposes, so may all, and if it were left to the jury to determine in every case how far such an obstruction might encroach upon the way without being a nuisance, there would be no certainty in the law and what was at first a matter of a small consequence would soon become a burden, not only to adjoining owners, but to all the taxpayers and the traveling public as well. Thus expediency forbids any other rule. But even if it did not, the rule is well founded in principle, for it is well settled, "the public are entitled, not only to a free passage along any portion of it not in the actual use of some other traveler," and if this be true it necessarily follows that there can be no "rightful permanent use of the way for private purposes." We make this quotation from Elliott, Roads & Streets, § 828, and it is supported by a long array of the decisions of most, if not all, of the American courts. In spite of the law, however, appellant is claiming that he should be given the authority to decide how much of the street or alley he may deem a reasonable amount for his private uses, and then permanently appropriate it. He actually complains that the court refused to instruct the jury:

"That, since the defendant owns the fee to said strip of land to the center thereof, he has the right to use any portion thereof adjoining his said property so long as such use does not unreasonably obstruct or hinder its free and unobstructed use by the public as a passageway."

The capital city of Texas would be in a delectable condition if its citizens were given the right to appropriate so much of any street for permanent improvement and occupancy as might in the discretion of each individual be sufficient for his selfish purposes, if he possibly left a narrow entrance or exit for the unfortunate public. The court rejected such a proposition, of course, and, as requested by appellee, charged as follows:

"The jury are instructed that the right of the public and the city of Austin goes to the full width of a street or alley, and extends indefinitely upward and downward so far, at least, as to prevent encroachments upon said limits by any person by any means by which the enjoyment of said public right is or may be hindered or obstructed, or made inconvenient or dangerous."

No question of the reasonableness or unreasonableness of a permanent obstruction can ever arise, but if it is a permanent obstruction it should be abated. Public rights cannot be destroyed or impaired by the selfish desires of the individual who may seek to advance his own ends, regardless of the dictates of justice and equity. The costliness of improvement forming encroachments on a street can offer no defense to an action to remove the obstruction, because such improvement was knowingly and willfully made with no basis but the desire to extend the possessory right of the citizen to public property.

The introduction of the ordinance making it a misdemeanor to obstruct streets or alleys, could not have injured appellant, and, in view of the claim of appellant that he had the right to appropriate as much of a street as he might deem reasonable, it might have been admissible to show that appellant, not only had no right to the street, but was committing a crime when he appropriated it.

In abating nuisances in streets, equity does not measure its action by the amount of damage that would be inflicted by the abatement on the author of the nuisance. The city has the power to abate nuisances and remove obstructions in streets regardless of the damage that will be inflicted by such removal on the person guilty of creating the nuisance. Equity has no rule applicable to a municipal government seeking to remove obstructions from its streets, requiring it to appear that less harm would be done by removing the obstruction than by letting it remain. The only matter to be considered is whether the street is permanently obstructed, and not a balancing of accounts to ascertain whether the city will sustain greater damage by leaving the obstruction than the defendant would by removing it. It is not a question of comparative damage, but one of protecting the public in the use of the streets set apart from their necessities, pleasure, or comfort. The case of Gillespie County v. Land Co., 168 S. W. 9, decided by this court, sustains no such proposition as that advanced, nor do any of the authorities cited by him.

This is not a suit between individuals, but between a municipal corporation in the exercise of its duty to its citizens, and an individual encroaching upon and destroying the rights of such citizens. Appellee in abating the nuisance was merely exercising its charter powers to remove obstructions from its streets, and proof of the permanent obstruction of the street was all that was necessary to invoke and obtain the powers of a court of equity.

There is no merit in any of the propositions or assignments, and the judgment will be affirmed.