# IN THE SUPREME COURT OF TEXAS

══════════

No. 11-0312

══════════

THE STATE OF TEXAS AND THE TEXAS DEPARTMENT OF TRANSPORTATION,
PETITIONERS,

v.

NICO-WF1, L.L.C., RESPONDENT

═══════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS
═══════════════════════════════════════════════════════════

**Argued October 16, 2012**

JUSTICE MEDINA delivered the opinion of the Court.

JUSTICE JOHNSON did not participate in the decision.

This appeal questions the validity of certain conditions a grantor placed on a dedicated public-street easement. The easement in question provides for a 100-foot-wide public right of way, but the instrument dedicating the land also provides that the street's curb lines are to be fifteen feet inside the street's boundary lines. The issue is whether this curb-line condition limits the dedication such that only the seventy-foot area between the curb lines can be used for vehicular traffic.

The court of appeals concluded that the curb-line condition effectively limited the public easement in this way. ___ S.W.3d ___ (Tex. App.–Corpus Christi-Edinburg 2010) (mem. op.). The court further suggested that the State would have to use its eminent domain powers, if the public

roadway needed to be improved or widened beyond the existing curb lines. We do not agree, however, that the State must condemn property already dedicated for a public street before widening the existing roadway. Because we conclude that the State has the right to improve the existing roadway to the boundary of the dedicated street line notwithstanding the curb-line condition, we reverse the court of appeals' judgment and remand the case to the trial court.

I

NICO-WF1, L.L.C., owns a building that fronts Arroyo Boulevard in Los Fresnos, Texas. The building has been there since the 1930s. Part of the building—primarily its attached concrete awning, columns, raised porch, and steps—extends several feet into Arroyo Boulevard's 100-foot public right of way. No part of the building, however, intrudes beyond the boulevard's curb line, which is fifteen feet inside the outer edge of the dedicated street line.

Since 1951, Arroyo Boulevard has been a part of the state highway system, designated as FM 1847. While considering proposed improvements to FM 1847, the Texas Department of Transportation (TxDOT) discovered that NICO's building encroached about ten feet onto the public right of way. In 2007, TxDOT officially asked NICO to abate the encroachment. When NICO failed to remedy the situation, the State and TxDOT filed suit. NICO answered and filed a counterclaim for declaratory judgment, asserting that its building did not encroach on Arroyo Boulevard because the public dedication limited the road's width to the existing curb line. NICO also sought award of its attorney's fees and costs, as did the State.

The streets of Los Fresnos were dedicated to public use in 1928. The dedication incorporated a recorded subdivision plat, titled "Map of Unit A of the Townsite of Fresnos," which showed

2

Arroyo Boulevard and the town's other streets. The plat specified the width of the various streets and indicated where the curb lines should be placed in relation to those streets' outer boundary lines. Regarding Arroyo Boulevard, the dedication provided that its boundary lines were to be 100 feet apart with curb lines fifteen feet inside the outer boundaries, leaving seventy feet between the curb lines.

NICO interprets the dedication to include a seventy-foot public roadway easement bounded on either side by a fifteen-foot public right-of-way easement. The State, however, contends that Arroyo Boulevard has been dedicated as a 100-foot-wide public street.

Both the State and NICO filed motions for partial summary judgment, urging their respective interpretations. The trial court denied the State's motion and granted NICO's, concluding that "the right-of-way easement for public roadway purposes . . . of Arroyo Boulevard (now FM 1847)" was subject to a curb line condition that limited "the width of the roadway to a maximum of seventy feet" and that NICO's building was therefore "not an encroachment into the right-of-way easement [the State] was entitled to use and possess for public roadway purposes[.]" The issue of NICO's attorney's fees was tried to the court. The court's final judgment incorporated its rulings on the two summary judgment motions and its award of attorney's fees to NICO.

The court of appeals affirmed the trial court's judgment. ___ S.W.3d ___. The court of appeals also held that the State's public easement for the roadway was limited to the seventy feet between the curb lines. *Id*. at ___. The court of appeals further concluded that NICO's building did not encroach on the public right of way because the fifteen feet between the curb and outer street

3

lines "was not dedicated for any public use whatsoever." *Id*. The State filed a petition for review challenging those holdings.

II

While the court of appeals concludes that the public easement ends at Arroyo Boulevard's curb line, NICO concedes here that it does not. The State similarly argues that the dedication creating Arroyo Boulevard includes the fifteen feet beyond the curb lines notwithstanding the court of appeals' conclusion to the contrary. We agree with the parties that the dedication here established a 100-foot street easement for Arroyo Boulevard, not the seventy-foot easement the court of appeals found.

A street dedication is setting land apart for public use as a passageway. *See City of Uvalde v. Stovall*, 279 S.W. 889, 890 (Tex. Civ. App.–San Antonio 1925, writ ref'd). When a street is dedicated to the public, the governmental entity taking control of the street ordinarily acquires only an easement that it holds in trust for public benefit. *Humble Oil & Ref. Co. v. Blankenburg*, 235 S.W.2d 891, 893 (Tex. 1951). The easement, however, carries with it the right to use and control as much of the surface and subsurface of the street as may be reasonably needed for street purposes. *Hill Farm, Inc. v. Hill Cnty.*, 436 S.W.2d 320, 321 (Tex. 1969). These purposes, of course, include transporting people and property, but a public street may also be used as a passageway for utilities and other public purposes. *Harris Cnty. Flood Control Dist. v. Shell Pipe Line Corp.*, 591 S.W.2d 798, 799 (Tex. 1979).

In short, a street includes the whole width of the public right of way. *Joseph v. City of Austin*, 101 S.W.2d 381, 385 (Tex. Civ. App.–Austin 1936, writ ref'd). It includes sidewalks and

4

parkways, which "are a part of the street itself." *Jones v. City of Mineola*, 203 S.W.2d 1020, 1022 (Tex. Civ. App.–Texarkana 1947, writ ref'd); *see also City of San Antonio v. Wildenstein*, 109 S.W. 231, 233 (Tex. Civ. App.–San Antonio 1908, writ ref'd) ("Sidewalks are uniformly regarded as part of the street."). And it includes "the pavement, shoulders, gutters, curbs, and other areas within the street lines." BLACK'S LAW DICTIONARY 1434 (7th ed. 1999). The Transportation Code similarly defines a street as more than a mere roadway for vehicular traffic.[1]

The Los Fresnos townsite plat clearly set Arroyo Boulevard's boundary lines 100 feet apart. The curb-line condition did not purport to alter the street's outer boundaries, nor did it serve to reduce the area dedicated for the public street. The court of appeals accordingly erred in concluding that the public-street easement was defined by a curb-line condition rather than the street's boundary line as dedicated.

III

Although NICO concedes that the public right of way here is 100 feet, it nevertheless contends that the grantor did not intend to dedicate the public easement entirely for vehicular traffic. It submits that the grantor limited the State's use of the entire easement for this purpose through the curb-line condition. NICO thus concludes that the State holds a 100-foot-wide right-of-way easement subject to a condition, which limits the easement's use as a roadway to seventy feet.

---

[1] TEX. TRANSP. CODE § 316.001(1) ("'Municipal street' means the entire width of way held by a municipality in fee or by easement or dedication that has a part open for public use for vehicular travel."); *Id*. § 316.001(3) ("'Sidewalk' means the portion of a municipal street between the curb lines or lateral lines of a roadway and the adjacent property lines that is improved and designed for or is ordinarily used for pedestrian travel."); *Id.* § 541.302(5) ("'Highway or street' means the width between the boundary lines of a publicly maintained way any part of which is open to the public for vehicular travel."); *Id*. § 541.302(16) ("'Sidewalk' means the portion of a street that is: (A) between a curb or lateral line of a roadway and the adjacent property line; and (B) intended for pedestrian use.").

The State, of course, disagrees about the condition's effect, although it does not dispute that the grantor probably intended limiting vehicular traffic to only a part of the easement. But even assuming that to be the grantor's intent, the fact remains that he dedicated the entire 100-foot area to public use as a street. The State argues that reading the curb-line condition to limit its authority over the entire public street easement contravenes well-established public policy to the contrary.

The establishment, design, construction, and control of public streets are primarily governmental functions over which the government has full authority. *See Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 645 (Tex. 2004) (quoting *Robbins v. Limestone Cnty.*, 268 S.W. 915, 918 (Tex. 1925) ("Public roads are state property over which the state has full control and authority.")); *see also Mission v. Popplewell*, 294 S.W.2d 712, 715 (Tex. 1956) ("[T]he legal title to city streets belongs to the state, which has full control and authority over them[.]"). As mentioned, Arroyo Boulevard is now a part of the state highway system. By statute, the Texas Department of Transportation has "exclusive and direct control of all improvement of the state highway system." TEX. TRANSP. CODE § 224.031(a).

Texas courts have long recognized, however, that dedicating land for public use may include reasonable restrictions and limitations. *Griffith v. Allison*, 96 S.W.2d 74, 77 (Tex. 1936). But limitations imposed by the dedicator cannot be "repugnant to the dedication or against public policy." *Roaring Springs Town-Site Co. v. Paducah Tel. Co.*, 212 S.W. 147, 148-49 (Tex. 1919) (holding void a restriction reserving to the dedicator the exclusive right to construct telephone lines in the public right of way); *see also Scott v. Cannon*, 959 S.W.2d 712, 718 (Tex. App.–Austin 1998, pet. denied) (noting that owner of dedicated land "reserves no rights that are incompatible with the

6

full enjoyment of the public"). When a dedication includes a condition that is inconsistent with the grant or contravenes public policy, the dedication is nevertheless effective even though the condition is not. *See City of Fort Worth v. Ryan Props., Inc.*, 284 S.W.2d 211, 214 (Tex. Civ. App.–Fort Worth 1955, no writ).

> The 1928 dedication here purported to reserve a number of rights to the grantor, such as:

> [T]he right to occupy and use said streets, boulevards and alleys for purposes of constructing, maintaining and operating ditches, gutters, pipe-lines and culverts, and other appurtenances for drainage purposes, pipelines and conduits with necessary appurtenances for the distribution and sale of water, gas or oil for railroads or other lines of transportation for the carriage of freight or passengers, for lines of poles and wires, or conduits, or the purposes of the distribution and sale of light or power, and for telephone or telegraph purposes.

The grantor further reserved the right "to excavate and grade and otherwise improve all streets, boulevards and alleys and to temporarily interfere with the use of same while so doing." Most if not all of these reservations are inconsistent with the dedication to the public. *See, e.g.*, *City of Beaumont v. Calder Place Corp.*, 183 S.W.2d 713, 716 (Tex. 1944) (holding grantor's reservation of ownership and control of water and sewer mains void after annexation by city); *Roaring Springs Town-Site Co.*, 212 S.W. at 148-49 (rejecting dedicator's reservation to use streets to construct telephone, telegraph, and electric poles and wires as void and repugnant to the public dedication); *Harlingen Irrigation Dist. Cameron Cnty. No. 1 v. Caprock Comm. Corp.*, 49 S.W.3d 520, 532 (Tex. App.—Corpus Christi 2001, pet. denied) (holding invalid a condition requiring that any improvements to the public roadway be approved by the dedicator); *accord W. Tex. Utils. Co. v. City of Spur*, 38 F.2d 466 (5th Cir. 1930) (denying control of public streets and right of ways to private electric utility for installation of poles and lines).

7

The substantive principle from these cases is that a grantor cannot dedicate land for a public purpose and yet retain control over such land in derogation of the public right conveyed. The question in this case is whether the curb-line condition violates this principle. Under NICO's application of the condition, we conclude that it does.

NICO interprets the curb-line condition as freezing the public's use of the street to when it was dedicated. But the public's future use of a street easement is not dependent on the usage prevailing when the street opened. *See City Comm'rs of Port Arthur v. Fant*, 193 S.W. 334, 345 (Tex. Civ. App.–Beaumont 1916, no writ). Moreover, the public right extends to the entire width of the dedicated street, *Joseph*, 101 S.W.2d at 385, and includes portions not previously used or used for other street purposes. *See Ryan Props.*, 284 S.W.2d at 213. Whenever public convenience or necessity dictates, a public right of way may be put to its dedicated purpose. *Joseph*, 101 S.W.2d at 384. Clearly, an eighty-four-year-old condition purporting to fix the curb lines permanently in Los Fresnos, Texas, is a restriction that impairs state control and public use of the dedicated street. *See McCraw v. City of Dallas*, 420 S.W.2d 793, 796 (Tex. Civ. App.–Dallas 1967, writ ref'd n.r.e.) ("Land dedicated for the use of the public as a street may continue to be used by the public as a street, not only in the manner in which streets are ordinarily used at the time of dedication, but also to accommodate the most recently invented vehicles and to conform to modern plans for traffic acceleration and control.").

The circumstances here are not unlike those in another case decided by this same court of appeals. *See Harlingen Irrigation Dist.*, 49 S.W.3d 520. In that case, the deed conveying the public easement contained a restriction that required the grantor's approval of any construction on the

8

easement. *Id*. at 532. The court of appeals held the condition void because it "interfer[ed] with the state's freedom to devote the roadways to the wants and convenience of the public" and "impermissibly limit[ed] the state from exercising its jurisdiction as to construction on the roadway." *Id*. at 532, 534. The curb-line condition in this case presents a similar impediment to the State's control and authority over Arroyo Boulevard. And when a condition in the street's dedication is inconsistent with the grant or void as against public policy, the dedication prevails over the invalid condition. *Town of Palm Valley v. Johnson*, 17 S.W.3d 281, 287 (Tex. App.–Corpus Christi 2000), pet. denied, 87 S.W.3d 110 (Tex. 2001) (per curiam); *Ryan Props.*, 284 S.W.2d at 214.

Because the curb-line condition purports to control the construction and use of Arroyo Boulevard, it is repugnant to the State's control and authority over the public street and is void. The court of appeals accordingly erred in affirming NICO's favorable judgment premised on the condition's assumed validity.

IV

Finally, the matter of the State's motion for summary judgment remains. The State asserted in its motion that a part of NICO's building interfered with the public's use of FM 1847, constituting an obstruction and nuisance the State was entitled to remove. Indeed, any structure that interferes with the public's present or future use of a dedicated street is a nuisance per se and subject to removal. *Joseph*, 101 S.W.2d at 384; *Ryan Props.*, 284 S.W.2d at 215.

A few years before Arroyo Boulevard's dedication, a Texas appellate court aptly discussed the law's intolerance of encroachments upon the public right of way:

9

[A]ny permanent structure or purpresture which materially encroaches upon a public street and impedes travel is a nuisance per se, and may be abated, notwithstanding space is left for the passage of the public. This is the only safe rule, for, if one person can permanently use a highway for his own private purposes, so may all, and if it were left to the jury to determine in every case how far such an obstruction might encroach upon the way without being a nuisance, there would be no certainty in the law and what was at first a matter of a small consequence would soon become a burden, not only to adjoining owners, but to all the taxpayers and the traveling public as well. Thus expediency forbids any other rule.

*Dozier v. City of Austin*, 253 S.W. 554, 556 (Tex. Civ. App.–San Antonio 1923, writ dism'd w.o.j.).

That NICO's building encroaches several feet upon Arroyo Boulevard's 100-foot-wide public easement is not in dispute. The court of appeals accordingly erred in affirming the denial of the State's summary judgment motion that sought the removal of the purpresture.[2]

\* \* \* \* \*

The court of appeals' judgment is reversed. Because the State's summary judgment motion does not dispose of all issues raised by its pleadings, the cause is remanded to the trial court for further proceedings consistent with this opinion.

_____
David M. Medina
Justice

Opinion delivered: November 2, 2012

---

[2] A purpresture is "an encroachment upon public rights and easements, the appropriation to private use of that which belongs to the public." *Hill Farm*, 436 S.W.2d at 321.

10