July 22, 2013

The Honorable Joshua Hamby
Howard County Attorney
Post Office Box 2096
Big Spring, Texas 79721-2096

Opinion No. GA-1013

Re: Whether a commissioners court may require a permit and charge a fee for installing an access point to a county road (RQ-1110-GA)

Dear Mr. Hamby:

You ask whether the Howard County Commissioners Court can "require individuals and entities in the oil and gas industry to obtain a permit for constructing or installing an access to a county road to offset the damage caused to the county road."[1] You explain that oil field activity in Howard County is creating excess traffic that is "causing severe damage to our roads and increasing the costs of the maintenance and repair," particularly at "access points" where private roads intersect county roads. Request Letter at 1. More specifically, briefing we have received explains that "[c]onnecting an access point to a county road can affect roadway drainage, erosion and sedimentation in the right-of-way, vehicular and pedestrian traffic safety, and the structural integrity of the road and its future maintenance needs."[2] To address these issues, the Howard County commissioners want to require a permit and charge a fee for each new access point that is constructed specifically for purposes of oil and gas operations. Request Letter at 1–2. Such measures, you explain, would compensate the county for increased damage to county roads attributable to oil and gas operations and allow the county to implement certain specifications for the construction of access points. *Id.* at 1.

A commissioners court may exercise only those powers expressly granted by either the Texas Constitution or the Legislature together with such implied powers as are necessary to accomplish the powers expressly conferred. *City of San Antonio v. City of Boerne*, 111 S.W.3d

---

[1]Letter from Honorable Joshua Hamby, Howard Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Feb. 13, 2013), http://texasattorneygeneral.gov/opin ("Request Letter").

[2]Brief from Ms. Julie Joe, Assist. Travis Cnty. Att'y at 3 (Apr. 16, 2013) (footnote omitted) (on file with the Op. Comm.).

22, 28 (Tex. 2003).  The Legislature has granted commissioners courts broad authority over county roads with the enactment of Transportation Code chapter 251.  Section 251.003 grants a commissioners court express authority to "make and enforce all necessary rules and orders for the construction and maintenance of public roads."  TEX. TRANSP. CODE ANN. § 251.003(a)(1) (West 1999).  Section 251.016 authorizes commissioners courts to "exercise general control over all roads, highways, and bridges in the county."  *Id.* § 251.016 (West Supp. 2012).  "By granting commissioners courts general control over the roads, the Legislature imposed on them a duty to make the roadways safe for public travel."  *City of San Antonio*, 111 S.W.3d at 31–32 (construing a statutory predecessor to Transportation Code section 251.016).

In addressing a commissioners court's authority over county roads, we also note that a road is not limited to the area traveled, but includes the whole width of the public right-of-way. *State v. NICO–WF1, L.L.C.*, 384 S.W.3d 818, 821 (Tex. 2012) (considering a dedicated state highway right-of-way).  As a general rule, a landowner whose property abuts the right-of-way boundary of a public highway "owns the fee to the center of the thoroughfare in question, subject only to an easement existing in favor of the public to a right of passage." *Camilla Twin Harbor Volunteer Fire Dep't., Inc. v. Plemmons*, 998 S.W.2d 413, 417 (Tex. App.—Beaumont 1999, pet. denied).  The easement confers upon its holder the right to use and control as much of the right-of-way as reasonably necessary for road purposes. *NICO–WF1, L.L.C.*, 384 S.W.3d at 821. Accordingly, the right-of-way may include "sufficient land, where reasonably available, for drainage ditches, repairs, and the convenience of the traveling public." *Allen v. Keeling*, 613 S.W.2d 253, 254–55 (Tex. 1981) (considering a road established by prescription).  Thus, the construction of an access point outside the traveled road but within the county right-of-way boundary occurs in an area over which the commissioners court has authority.

When a power or duty has been conferred on a commissioners court, "it has implied authority to exercise a broad discretion to accomplish the purposes intended." *Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941).  Therefore, if a commissioners court determines that access points within the county right-of-way cause damage to county roads, and subsequently concludes that requiring a permit for their construction is necessary to maintain county roads and make them safe for public travel, sections 251.003 and 251.016 authorize the commissioners court to order that such permits be required. *See id.*; *see also* Tex. Att'y Gen. Op. No. JM-1241 (1990) at 2 (concluding that a commissioners court may order the removal of trees in right-of-way upon a "reasonable finding that [they] would interfere with right-of-way purposes").

Charging a fee is a separate action requiring separate authority. *See* Tex. Att'y Gen. Op. No. GA-0544 (2007) at 4 ("A court . . . will not imply authority to impose a fee.") (citing *Moore v. Sheppard*, 192 S.W.2d 559, 561 (Tex. 1946)).  Transportation Code section 251.017 grants a commissioners court the authority to "set a reasonable fee for the county's issuance of a permit authorized by [chapter 251] for which a fee is not specifically prescribed." TEX. TRANSP. CODE ANN. § 251.017 (West Supp. 2012).  Because a commissioners court has the authority to require access-point permits for construction within the county right-of-way under sections 251.003 and 251.016 of the Transportation Code, it may set a reasonable fee for such permits in accordance with section 251.017. *Id.*  Whether any particular fee is "reasonable" is a matter within the discretion of the commissioners court, subject to judicial review. *See Anderson*, 152 S.W.2d at

1085; *Comm'rs Ct. of Titus Cnty. v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997) (holding that a commissioners court abuses its discretion by acting "illegally, unreasonably, or arbitrarily"). The permitting requirements and any associated fee may constitute an unconstitutional taking without just compensation if they are not "roughly proportional" to the impact that the access points will have on the county roads. *See Town of Flower Mound v. Stafford Estates Ltd. P'ship*, 135 S.W.3d 620, 634 (Tex. 2004) (applying the standard that a condition of government approval for the development of property must "bear[] an essential nexus to the substantial advancement of some legitimate government interest and [be] roughly proportional to the projected impact of the proposed development").

We next consider whether the commissioners court may require a permit and charge a fee solely for new access points constructed for oil and gas purposes. Any distinction a commissioners court makes between industries that utilize access points must be "rationally related to a legitimate state interest" or risk violating the Equal Protection Clauses of both the Texas and United States Constitutions. *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 639 (Tex. 2008). Under this standard, targeting a specific industry for permitting requirements and fees not applicable to other industries could run afoul of the Equal Protection Clauses unless something about the targeted industry makes it uniquely deserving of special permitting requirements. If the county were to impose special requirements on all access points that carry heavy traffic—rather than on access points associated with a certain industry—its actions would be less likely to run afoul of equal protection requirements. Whether a particular permitting scheme satisfies that standard is a matter for the commissioners court to decide, subject to judicial review.

**S U M M A R Y**

Transportation Code sections 251.003 and 251.016 authorize a commissioners court to require permits for the construction within the county right-of-way of access points to county roads. Section 251.017 authorizes a commissioners court to set a reasonable fee for such permits.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee