

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

March 28, 2016

The Honorable Jim Keffer
Chair, Committee on Natural Resources
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768

Opinion No. KP-0075

Re: Whether a county that has accepted a public dedication of a right-of-way is obligated to maintain the sidewalks in that right-of-way (RQ-0061-KP)

Dear Representative Keffer:

On behalf of several municipal utility districts, you ask whether a county that has accepted a public dedication of a right-of-way is obligated to maintain the sidewalks in that right-of-way.[1] A brief submitted with your request provides an illustrative example about a Williamson County (the "County") neighborhood in one such municipal utility district and provides the following information: The homes in the neighborhood are accessed by several public roads, including Dallas Drive, a major thoroughfare with sidewalks located within the right-of-way. *See* Letter Brief at 1. "Following the developer's construction of the rights-of-way and other infrastructure in [the neighborhood], the County accepted the dedicated rights-of-way through its maintenance of Dallas Drive and other rights-of-way in the subdivision." *Id.* at 1–2. Recently the County enacted a sidewalk maintenance and repair policy "to address its maintenance and repair of sidewalks throughout the County" and the policy did not include Dallas Drive. *Id.* at 2. The County's policy provides that sidewalks not included in the policy that are located in unincorporated areas of the County are to be maintained by the owner of the adjacent property. *See id.* The neighborhood has no mandatory homeowners association through which to levy funds for sidewalk maintenance. *See id.* And the municipal utility district containing the neighborhood "has never assumed the responsibility or obligation for maintaining public rights-of-way, including sidewalks." *Id.* Thus, "the effect of the County's attempt to disclaim maintenance of public sidewalks is to impose that burden on each individual who owns property adjacent to a sidewalk." *Id.* In this context, you ask "if a county has accepted the public dedication of a right-of-way that includes the sidewalks does the county's maintenance obligations of a subdivision's rights-of-way extend to the adjacent sidewalks and if so can the county at a later date divest itself of the obligation to maintain the sidewalks?" Request Letter at 1.

---

[1]*See* Letter from Honorable Jim Keffer, Chair, House Comm. on Nat. Res., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Oct. 21, 2015), and attached Letter Brief from Kevin Flahive, Armbrust & Brown, PLLC, to Honorable Jim Keffer (Oct. 15, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter" and "Letter Brief," respectively).

A county has only the authority that is expressly granted by the Texas Constitution or statutes or that which is necessarily implied therefrom. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003). And with respect to road maintenance, a county is statutorily authorized to maintain only public roads. *See* TEX. TRANSP. CODE § 251.003(a)(1). A public road is a "public road or highway that has been laid out and established according to law and that has not been discontinued." *Id.* § 251.002. But "not all public roads are part of the system of roads maintained by the county." Tex. Att'y Gen. Op. No. GA-0659 (2008) at 3. "Once a public road has been established as a county road, the county has a general duty to maintain it." *Id.* A county road is a public road that the commissioners court has accepted into the county's system of roads. *Id.* at 2. And this office has recognized that a county road may include sidewalks. *See* Tex. Att'y Gen. Op. No. GA-1013 (2013) at 2 ("In addressing a commissioners court's authority over county roads, we also note that a road is not limited to the area traveled, but includes the whole width of the public right-of-way."); *see generally State v. NICO-WF1, L.L.C.*, 384 S.W.3d 818, 821 (Tex. 2012) (recognizing, with respect to a state highway, that the right-of-way of a street dedicated to the public "includes sidewalks . . ., which are a part of the street itself") (quotation marks omitted).

Here, the brief states that "the County accepted the dedicated rights-of-way through its maintenance of Dallas Drive and other rights-of-way in the subdivision." Letter Brief at 2. Acceptance may be express pursuant to a vote by a commissioners court or it may be implied such as "where a county makes repairs upon the street, or plats it on official maps." Tex. Att'y Gen. Op. No. JC-0503 (2002) at 4. And while a county has a ministerial duty to approve a plat and authorize its filing under chapter 232 of the Local Government Code, the mere approval of a plat is not sufficient to render a dedicated public road into a county road. *See* Tex. Att'y Gen. Op. No. GA-0594 (2008) at 3 ("A commissioners court's approval of a plat allows it to be filed in the county records, but it does not convert private roads represented on the plat into county roads or impose on the county a duty to maintain them."); *see also* TEX. LOC. GOV'T CODE §§ 232.001– .108 (governing county subdivision regulation). Instead, acceptance of the dedication by a county is required. *See generally* Tex. Att'y Gen. Op. No. JC-0503 (2002) at 4. Though you suggest that the County has at least impliedly accepted the dedication of these roads into the county road system, the question "whether and to what extent a public right-of-way has been acquired by dedication . . . on a given road is a fact question that cannot be resolved" in an attorney general opinion. Tex. Att'y Gen. Op. No. GA-0693 (2009) at 2; *see also* Tex. Att'y Gen. Op. No. JM-1241 (1990) at 1–2. Thus, we cannot opine on what the County's particular maintenance obligations are with respect to Dallas Drive. Whether the dedicated right-of-way here was accepted by the County and whether that acceptance includes the sidewalks located in the right-of-way are fact questions beyond the purview of an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-0693 (2009) at 1–2.

Yet, because we cannot determine the County's maintenance obligations with respect to Dallas Drive, we also cannot definitively advise you on how the County might divest itself of any maintenance obligations it may have. At most we can point you to Transportation Code section 251.051, which sets out the methods by which a county may divest itself of its county roads, including presumably any maintenance obligations accompanying those county roads. *See* TEX. TRANSP. CODE § 251.051. To the extent any of the actions in section 251.051 may be applicable to Dallas Drive, the County may utilize them upon compliance with the requirements of the statute.

## S U M M A R Y

A county road may include the sidewalks in the right-of-way. Whether a county has accepted a public dedication of a right-of-way such that the sidewalks are within the county's maintenance obligations is a question beyond the purview of an attorney general opinion.

To the extent any of the actions in Transportation Code section 251.051 may be applicable to Dallas Drive, Williamson County may utilize them upon compliance with the requirements of the statute.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee