# Supreme Court of Texas

No. 23-0833

Michael R. Keenan and Ramona L. Keenan,

*Petitioners*,

v.

Thomas Samuel Robin, Mary Margot Connor,
Dustin Wayne Lubbock, Meredith C. Lubbock, and Lazy LR
Cattle Company LLC,

*Respondents*

On Petition for Review from the
Court of Appeals for the Seventh District of Texas

**PER CURIAM**

This case arises from a dispute between neighboring property owners in an unusual subdivision, most of which is now used as a cattle ranch. The Keenans allege, among other things, that respondents' cattle trespassed on their lot and that respondents had no right to erect fences and gates blocking the platted streets that the Keenans use to access their lot.

We disagree with the court of appeals' conclusion that the Keenans offered no evidence of trespass: they saw both cattle and

manure on their lot and testified that a respondent admitted ownership of the cattle. We also disagree with the court of appeals' holding that fact issues preclude summary judgment on the Keenans' requests for declaratory and injunctive relief regarding the fences and gates. Our precedent establishes that the disputed questions are legal and resolves those questions in the Keenans' favor. Accordingly, without hearing oral argument, we reverse the court of appeals' judgment in part and remand to the trial court for further proceedings.

# I

A plat for The Parks at Falcon Club, Unit No. 2 (the Subdivision), a thirty-four acre tract, was approved by Randall County and filed in 2006. The plat shows forty-five lots separated by several named streets. An Owners' Acknowledgment declares "that all of the streets, alleys, lanes, and easements shown upon such map are dedicated to the public forever to be used as such."

Michael and Ramona Keenan bought Lot No. 2 in 2009. They must cross most of the Subdivision to access their lot. The Subdivision was never fully developed. In particular, the platted streets were not constructed using asphalt or concrete, but there is evidence that at least portions of them are covered in gravel. Respondents (collectively "the Ranch")[1] eventually purchased all other lots at a bankruptcy auction. The Ranch's warranty deed provides that it is subject to validly existing easements, rights-of-way, and prescriptive rights.

---

[1] Respondents are Thomas Samuel Robin, Mary Margot Connor, Dustin Wayne Lubbock, Meredith C. Lubbock, and the Lazy LR Cattle Company, LLC.

2

The Ranch planned to run cattle on its land and offered to purchase the Keenans' lot, but they declined. The Ranch then constructed a fence along three sides of the Subdivision, blocking the "Gillette Avenue" and "Herring Park Drive" streets depicted on the plat. The Ranch also constructed a locked gate at the Subdivision's entrance from the main road as well as an unlocked gate[2] that blocks Herring Park Drive close to the Keenans' lot. Michael Keenan stated in his declaration that he is physically unable to open the latter gate without pain or injury.

Michael Keenan "often observed cattle on [his] lot and manure on [his] slab." Keenan stated that "[f]rom what I was told by Dustin Lubbock," one of the respondents, "I understand these cattle to belong to the [Ranch]."[3] The Keenans never noticed cattle or manure on their lot prior to the Ranch's purchase, and they did not consent to cattle being run on their lot. The Keenans contend that the cattle damaged some of the rough-in plumbing in the slab on their lot. And they sought damages for lost rental value, with Michael Keenan stating his opinion that the reasonable rental value of his land was $2,000 per month.

On two occasions, Michael Keenan hired another person to break or remove the Ranch's gate and portions of its fence within the boundaries of Herring Park Drive shown on the plat. The Ranch called

---

[2] The record suggests that the gate blocking Herring Park Drive is not a metal gate that swings on hinges but a "gap" where part of the fence may be pulled back to allow vehicle access.

[3] Dustin Lubbock owns part of the LLC that owns the cattle and leases the real property, and he acted as the Ranch's agent in its dealings with the Keenans.

the sheriff, asserting that it owned the area and Keenan had no authority to break open the gate. After receiving the sheriff's report, the Randall County District Attorney presented the case to a grand jury, which indicted Keenan on two counts of criminal mischief of a livestock fence, a state jail felony. Keenan was arrested and jailed for three days but received a directed verdict of acquittal on the second day of his trial.

The Keenans eventually sued the Ranch, alleging claims including (as relevant here) trespass and malicious prosecution and requesting declaratory and injunctive relief as well as damages. The Keenans filed a motion for partial summary judgment, contending that the dedicated public streets created by the plat are public rights of way in which they have an easement. The Keenans requested declaratory and injunctive relief preventing the Ranch from erecting fences, gates, or other obstructions across the streets and declaring the Keenans' right to have the streets thrown open at any time. The trial court denied the Keenans' motion.

Meanwhile, the Ranch filed a hybrid no-evidence and traditional motion for summary judgment. As to the trespass claim, the Ranch asserted that the Keenans failed to present any evidence of unlawful entry or damages. The Ranch also challenged Michael Keenan's malicious prosecution claim on both traditional and no-evidence grounds, as well as the merits of the Keenans' requests for declaratory and injunctive relief. After denying the Keenans' motion to strike certain evidence submitted by the Ranch, the trial court granted the Ranch's motion for summary judgment and signed a take-nothing judgment on all the Keenans' claims. The Keenans appealed.

4

The court of appeals affirmed in part and reversed in part. ___ S.W.3d ___, 2023 WL 5423619, at *7 (Tex. App.—Amarillo Aug. 22, 2023). As to the Keenans' requests for declaratory and injunctive relief, the court of appeals reversed, holding that the trial court had jurisdiction to address the existence of an easement or dedicated public street and the Ranch's right to erect fences or other obstructions. *Id.* at *6. But the court declined to decide these issues as a matter of law, remanding for the trial court to resolve factual disputes "including[,] but not limited to, whether an unlocked gate in close proximity to a single 0.83 (or 0.81) acre lot in an undeveloped subdivision amounts to interference with an alleged easement." *Id.* at *6 & n.4. The court also affirmed the trial court's grant of summary judgment on the Keenans' trespass, malicious prosecution, and Section 1983 claims on no-evidence grounds only, *id.* at *2-4, and therefore declined to reach the Keenans' objections to the Ranch's evidence, *id.* at *7. This petition followed.

## II

We review a grant of summary judgment de novo, "tak[ing] as true all evidence favorable to the nonmovant" and "indulg[ing] every reasonable inference and resolv[ing] any doubts in the nonmovant's favor." *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 624 (Tex. 2018) (internal quotation marks omitted). Where a party has moved for summary judgment on both traditional and no-evidence grounds, we first address the movant's no-evidence grounds and "[i]f the non-movant fails to overcome its no-evidence burden on any claim, we need not address the traditional motion to the extent it addresses the same claim." *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d

39, 45 (Tex. 2017). The trial court properly grants a defendant's no-evidence motion for summary judgment when the nonmovant fails to produce at least a scintilla of evidence raising a genuine issue of material fact as to each essential element of the cause of action. *See id.*

We conclude the court of appeals erred by holding that the Keenans failed to present more than a scintilla of evidence in support of each element of their trespass claim and by remanding the Keenans' claim for declaratory judgment for the resolution of immaterial factual disputes. But we agree with the court of appeals' rejection of Michael Keenan's challenge to the take-nothing judgment on his claim for malicious prosecution.

## III

We begin with the Keenans' challenge to the trial court's no-evidence summary judgment against their trespass claim. Trespass has three elements: "(1) entry (2) onto the property of another (3) without the property owner's consent or authorization." *Env't Processing Sys., L.C. v. FPL Farming Ltd.*, 457 S.W.3d 414, 419 (Tex. 2015). The Keenans challenge the court of appeals' holding that there is insufficient evidence the Ranch's cattle entered onto the Keenans' property. *See Gregg v. Delhi-Taylor Oil Corp.*, 344 S.W.2d 411, 416 (Tex. 1961) (explaining entry occurs if the defendant caused or permitted "a thing to cross the boundary of the premises").

Michael Keenan stated in his declaration that he often saw cattle on his lot and manure on his slab, and the summary judgment record shows that the Ranch ran cattle on its portion of the fenced-in Subdivision, which surrounded the Keenans' lot. The Ranch disputes

6

none of this. Instead, it questions whether the cattle on the Keenans' lot belonged to the Ranch. But it does not do so with evidence: there is nothing in the record to suggest that anyone else in the area owned cattle that could have accessed the Keenans' lot. Moreover, Keenan stated that he "underst[ood]" "[f]rom what [he] was told by [respondent] Dustin Lubbock" that "these cattle to belong to the [Ranch]."

The Ranch correctly observes that affidavits must be based on personal knowledge, but Keenan has personal knowledge of his own conversations with Lubbock. And an admission by the Ranch's agent that the Ranch owned the cattle on the Keenans' lot is hardly no evidence. Although it is possible Keenan misheard or misunderstood Lubbock, a court's speculation regarding that possibility is not an appropriate basis for disregarding Keenan's testimony—much less the other evidence of trespass. We therefore disagree with the court of appeals' view that "Michael Keenan's understanding of who owned the cattle he observed on his lot, based upon what he was told by Dustin Lubbock, is a conclusion of fact constituting no evidence." ___ S.W.3d ___, 2023 WL 5423619, at *5. Because the Keenans offered evidence on each element of their trespass claim, the court of appeals erred in affirming the entry of a no-evidence summary judgment on that claim.

Given its disposition, the court of appeals did not reach the Ranch's other ground for summary judgment that the Keenans failed to offer evidence of trespass damages. We will address that ground in the interest of judicial economy.[4] Although an unauthorized entry is a

---

[4] *See* TEX. R. APP. P. 53.4; *Reid Road Mun. Util. Dist. No. 2 v. Speedy Stop Food Stores, Ltd.*, 337 S.W.3d 846, 855 (Tex. 2011).

7

trespass "even if no damage is done," *Env't Processing Sys.*, 457 S.W.3d at 421, evidence to support an award of more than nominal damages for trespass is required when that remedy is sought. Here, the Keenans seek two separate remedies for trespass: past monetary damages and an injunction against future trespasses. *See, e.g.*, *Huynh v. Blanchard*, 694 S.W.3d 648, 682 (Tex. 2024) (discussing interplay of these remedies in the nuisance context).

As to damages, Keenan stated that the Ranch's cattle damaged the roughed-in plumbing on his slab and that in his opinion the reasonable rental value of his lot was $2,000 per month. But in response to the Ranch's no-evidence motion, he did not attempt to quantify the damage to the plumbing and offered no support for his opinion of lost rental value. *See Nat. Gas Pipeline Co. v. Justiss*, 397 S.W.3d 150, 159 (Tex. 2012) (holding that property owner's valuation testimony must provide a factual basis). The Ranch was therefore entitled to summary judgment against the Keenans' request for past monetary damages for trespass.

For these reasons, we reverse that portion of the court of appeals' judgment affirming the entry of a take-nothing judgment on the Keenans' trespass claim, render a take-nothing judgment as to the Keenans' request for past monetary damages for trespass, and remand to the trial court for further proceedings regarding the Keenans' trespass claim and their request for injunctive relief on that claim.

## IV

In their motion for partial summary judgment, the Keenans asserted that they are entitled to (1) a declaratory judgment that there

8

is a public right-of-way or easement in the four streets shown in the subdivision plat, (2) a declaratory judgment that the Ranch has no right to block those streets, and (3) a temporary injunction against the Ranch blocking the streets. The trial court denied the motion and granted the Ranch's motion as to these matters.

The court of appeals reversed in part, concluding that the Keenans "are entitled to the requested declaratory relief related to those easements and interference" but observing that "fact issues exist precluding summary judgment," such as whether the "unlocked gate . . . amounts to interference with [the] alleged easement." *See* ___ S.W.3d ___, 2023 WL 5423619, at *6 & n.4. We agree with the Keenans that the court of appeals erred in remanding to the trial court for the resolution of factual disputes rather than deciding the existence of and interference with the easements as a matter of law.

"[T]he sale and conveyance of lots . . . according to [a] plan . . . impl[ies] a grant or covenant to the purchasers" that streets indicated on the plan "shall be forever open to the use of the public, free from all claim or interference of the proprietor, inconsistent with such use." *Adams v. Rowles*, 228 S.W.2d 849, 851 (Tex. 1950) (internal quotation marks omitted). The individual purchasers thereby "acquire an easement in the land designated as an alley or street," which "attaches immediately upon [their] purchase of the property." *Dykes v. City of Houston*, 406 S.W.2d 176, 181 (Tex. 1966). The irrevocable nature of this easement rests on the principle that "the resumption of the street, or way, by the proprietor, would be . . . a fraud upon any interests acquired upon the faith of its being left open." *Oswald v. Grenet*, 22 Tex.

94, 101 (Tex. 1858); *see also McCraw v. City of Dallas*, 420 S.W.2d 793, 797 (Tex. Civ. App.—Dallas 1967, writ ref'd n.r.e.) ("[I]t has been held many times that such sales constitute a valid acceptance of the offer, making the dedication effective and irrevocable."). Such purchasers "immediately acquire[] private rights of easement over the streets shown on such plat as abutting their land whether or not such streets were ever accepted or opened by the [relevant governmental unit] as a representative of the public." *Dykes*, 406 S.W.2d at 181.

The Keenans conclusively established that they purchased a lot with designated streets abutting their land, so they acquired at least a private easement to use those streets. The Ranch argues that because this easement is silent regarding the use of gates, the finder of fact should undertake a balancing inquiry to determine whether gates would interfere with the easement.[5] As discussed above, the court of appeals agreed.

This argument ignores, however, that streets dedicated to the public receive more protection than private easements. "Once dedicated, the owner of the land reserves no rights that are incompatible with the full enjoyment of the public." *Haven Chapel United Methodist Church v. Leebron*, 496 S.W.3d 893, 906 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (internal quotation marks omitted). The easement "operates as an estoppel *in pais* of the owner, from exclusive use of the property, or indeed any use, which is inconsistent with the public use, to which it has been dedicated" and "precludes the party from re-asserting any right

---

[5] We have no occasion to address the propriety or nature of any such inquiry here.

over the land, so long as it remains in public use." *Oswald*, 22 Tex. at 101. In addition, "the public's future use of a street easement is not dependent on the usage prevailing when the street opened . . . and includes portions not previously used or used for other street purposes." *State v. NICO-WF1, L.L.C.*, 384 S.W.3d 818, 824 (Tex. 2012); *see also Steinberger v. Archer County*, 621 S.W.2d 838, 842 (Tex. App.—Fort Worth 1981, no writ) ("[W]here a width of land is dedicated to roadway easement, the amount dedicated is not reduced by actual use of a lesser width.").

Dedication of private land for a public purpose generally requires proof of offer and acceptance. *See Shelton v. Kalbow*, 489 S.W.3d 32, 44 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *Ford v. Moren*, 592 S.W.2d 385, 390 (Tex. Civ. App.—Texarkana 1979, writ ref'd n.r.e.). Here, the plat filed of record includes an Owner's Acknowledgment declaring "that all of the streets, alleys, lanes, and easements shown upon such map are dedicated to the public forever to be used as such." The plat also reflects that it was approved by the Randall County Commissioners' Court. Thus, the Keenans conclusively established that the streets were dedicated as public rights-of-way.

Despite the Ranch's argument that one of the gates was unlocked and only a minor inconvenience, it is "settled . . . that anything placed in a street or highway of a permanent nature, like a fence, building, or wall, is an obstruction and a nuisance per se, if such obstruction renders the street less commodious for public uses." *Joseph v. City of Austin*, 101 S.W.2d 381, 385 (Tex. Civ. App.—Austin 1936, writ ref'd). "[A]ny permanent structure or purpresture which materially encroaches upon

11

a public street and impedes travel is a nuisance per se, and may be abated, notwithstanding space is left for the passage of the public." *Id.* at 384. The burden the fence imposed on the Keenans relative to the cost of its destruction for the Ranch is therefore immaterial. *See NICO-WF1*, 384 S.W.3d at 824 ("[A]ny structure that interferes with the public's present or future use of a dedicated street is a nuisance per se and subject to removal."); *Dozier v. City of Austin*, 253 S.W. 554, 556 (Tex. Civ. App.—San Antonio 1923, writ dism'd w.o.j.) ("The costliness of improvement forming encroachments on a street can offer no defense to an action to remove the obstruction . . . .").

As a matter of law, the Ranch does not own the dedicated public streets within the Subdivision and thus has no right to erect fences or gates across them. Accordingly, the Keenans showed their entitlement to partial summary judgment, and the court of appeals erred by remanding the Keenans' claim for declaratory relief to resolve factual disputes. We reverse that portion of the court of appeals' judgment and render judgment declaring that (1) the recording of the Subdivision's plat approved by the county resulted in the creation and existence of dedicated public streets, and (2) the Ranch does not have the right to erect fences and gates obstructing those streets. We remand for the trial court to exercise its discretion in the first instance regarding the Keenans' request for an injunction based on these declarations. *See Wagner & Brown, Ltd. v. Sheppard*, 282 S.W.3d 419, 428-29 & nn.53-54 (Tex. 2008) (holding questions regarding "the expediency, necessity, or propriety of equitable relief" are for the trial court).

## V

Finally, Michael Keenan challenges the court of appeals' affirmance of the take-nothing judgment on his claim for malicious prosecution. Malicious prosecution requires proof that "(1) a criminal prosecution was commenced against [Keenan]; (2) [the Ranch] initiated or procured that prosecution; (3) the prosecution terminated in [Keenan's] favor; (4) [he] was innocent of the charges; (5) [the Ranch] lacked probable cause to initiate the prosecution; (6) [the Ranch] acted with malice; and (7) [Keenan] suffered damages." *Kroger Tex. Ltd. P'ship v. Subaru*, 216 S.W.3d 788, 792 n.3 (Tex. 2006).

Generally, "a person cannot procure a criminal prosecution when the decision whether to prosecute is left to the discretion of another person, a law enforcement official or the grand jury." *Browning-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 292 (Tex. 1994). An exception applies when the defendant provides material information "he knows is false to another to cause a criminal prosecution," *id.*, in which case the defendant "has procured the resulting prosecution, regardless of the actions of the prosecutor, and the causation element for malicious prosecution is satisfied," *id.* at 294.

The court of appeals concluded that "[e]ven assuming . . . Lubbock [and the Ranch] provided false information to a law enforcement official, the summary judgment record does not contain more than a scintilla of evidence that the statements were of information material to" Keenan's prosecution or that the statements were made "with actual awareness of their falsity; and but for those statements Michael Keenan would not have been prosecuted." ___ S.W.3d ___, 2023 WL 5423619, at *4.

13

Keenan responds that Lubbock (and the Ranch) were charged with knowledge that, under the law, they lacked exclusive ownership of the areas shown as streets on the subdivision plat; thus, Lubbock's statements to the arresting officer that the Ranch owned the property should be treated as knowingly false. We disagree.

The exception for providing false information does not apply if the defendant "believes [the information] to be true," even though "his belief was one that a reasonable man would not entertain." *Lieck*, 881 S.W.2d at 293 (quoting RESTATEMENT (SECOND) OF TORTS § 653 cmt. g (AM. LAW INST. 1977)). Thus, the exception requires actual knowledge that the information provided is false; constructive knowledge or proof that the defendant should have known the information to be false are insufficient.

Here, Keenan offered no evidence that Lubbock or the Ranch actually knew they did not own the area where Keenan tore down the fence and gate.[6] The court of appeals therefore did not err in relying on this lack of evidence to conclude "it was the prosecutor and not [the Ranch] who procured Michael Keenan's prosecution." ___ S.W.3d ___, 2023 WL 5423619, at *4. We affirm the portion of its judgment upholding the trial court's take-nothing judgment on Keenan's malicious prosecution claim.

---

[6] Even if constructive knowledge of the plat and relevant law were sufficient, it would be imputed to the prosecutor as well. In that situation, it could not be said that "an intelligent exercise of the [prosecutor's] discretion bec[ame] impossible" due to Lubbock's false statement because the prosecutor would have known it to be false. *Lieck*, 881 S.W.2d at 293-94 (quoting RESTATEMENT (SECOND) OF TORTS § 653 cmt. g (AM. LAW INST. 1977)).

## VI

We hold the Keenans provided more than a scintilla of evidence supporting each element of their trespass claim but not an award of past monetary damages, and they established their entitlement to declaratory relief as a matter of law. But the court of appeals correctly affirmed the entry of a take-nothing judgment on Keenan's claim for malicious prosecution.

Accordingly, without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant the petition for review, reverse the portions of the court of appeals' judgment addressing the Keenans' trespass claim and requests for declaratory relief, render a take-nothing judgment on their request for past trespass damages, and render judgment declaring the existence of dedicated public streets that the Ranch has no right to obstruct. We affirm the portion of the court of appeals' judgment regarding Michael Keenan's claim for malicious prosecution. The case is remanded to the trial court for further proceedings on the Keenans' trespass claim and on their requests for injunctive relief based on trespass and on these declarations.

**OPINION DELIVERED:** December 31, 2024