Gregory R. MATTOX and Barbara Wilkerson, Appellants,

v.

Clifford JACKSON and Eleanor Jackson, Appellees.

No. 01–10–00736–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 3, 2011.

---

10.   *Id.* at 452–53 (citations omitted).

Gary L. Leonard, Houston, TX, for Appellants.

Faber Francis Mcmullen III, Navasota, TX, for Appellees.

Panel consists of Justices JENNINGS, HIGLEY, and BROWN.

## OPINION

LAURA CARTER HIGLEY, Justice.

Appellants Gregory R. Mattox and Barbara Wilkerson appeal the trial court's granting of Appellees Clifford Jackson and Eleanor Jackson's oral application for temporary injunction. In eight points of error, appellants argue that the trial court erred by: (1) granting an order for a temporary restraining order based on an unverified oral application; (2) granting a request for a temporary injunction based on an unverified oral application; (3) not allowing evidence to be presented at the temporary injunction hearing; (4) granting a request for a temporary injunction based on insufficient evidence; (5) granting a request for a temporary injunction that did not contain all of the statutorily required information; and (6) amending the order granting a temporary injunction after the notice of appeal had been filed. Additionally, appellants ask this Court "to rule that they are entitled to an award of attorney[s'] fees and costs as plead[ed]."

We reverse and remand.

## Background

In May 2005, Mattox and Wilkerson purchased two adjacent lots in the Hill Forest

Manor Subdivision. Some time after their purchase, they discovered that a portion of their property was encumbered by an unpaved roadway dedicated as a county road. The last 134 feet of the roadway lies on their property, terminating at the border between their property and the Jacksons' property. The Jackson's property is not a part of the Hill Forest Manor Subdivision, and the easement in dispute is not necessary for the Jacksons to access their property.

Following the discovery of the easement, Mattox and Wilkerson filed an application with the Grimes County Commissioners Court to cancel the dedication of the 134-foot portion of the roadway that lies across their land. That application lead to a suit that is separate from the underlying litigation.[1]

In March 2007, the Jacksons filed suit against Mattox and Wilkerson seeking declaratory and injunctive relief. The Jacksons alleged that Mattox and Wilkerson's predecessor in interest in title erected a fence and planted two pear trees on the roadway easement in 1991 in order to keep people from using the roadway. They further alleged that Mattox and Wilkerson refused to remove the obstructions. The Jacksons sought a declaration from the trial court that the roadway is a public road. They also sought a permanent injunction requiring Mattox and Wilkerson to remove the current obstructions and enjoining Mattox and Wilkerson from erecting any other obstructions along the roadway.

The parties agree that, some time around July 2010, Mattox and Wilkerson erected additional barriers across the roadway that prevented passage along the roadway. On July 26, 2010, the trial court entered an order noting that the Jacksons

had "orally filed an application for a temporary injunction." The trial court set a hearing date for the application on August 2, 2010. At the hearing, the trial court repeatedly stated that it did not want to get into the facts of the case. The trial court stated that, instead, it only wanted to know the status of the suit concerning the cancellation of the dedication and whether the status quo of the roadway had changed.

Both parties agreed that the suit concerning the cancellation of the dedication had been on appellate review and an opinion had issued but mandate had not yet issued. They also agreed that there had been a change in the status quo.

During the hearing, counsel for Mattox and Wilkerson repeatedly attempted to discuss the facts concerning the change in the status quo of the roadway and, at one point, represented to the trial court that he was prepared to present evidence. Each time, the trial court repeated that it did not want to get into the facts of the case and determined that Mattox and Wilkerson's allegations were fact issues.

Based on the parties' agreement that the suit concerning the cancellation of the dedication was still ongoing and that the status quo of the roadway had changed, the trial court granted the request for a temporary injunction ordering Mattox and Wilkerson to remove the barricades and fencing that had changed the status quo of the case and to return the roadway to its status quo.

On August 11, 2010, Mattox and Wilkerson filed their notice of appeal. Six days later, the Jacksons filed a motion asking the trial court to make certain modifications to its temporary injunction order. On the same day, the trial court issued an

---

1. *See generally Mattox v. Grimes Cnty. Comm'rs Court,* 305 S.W.3d 375 (Tex.App.- Houston [14th Dist.] 2010, pet. denied).

Order for Issuance of Temporary Injunction Nunc Pro Tunc. The trial court also issued, at Mattox and Wilkerson's request, findings of fact and conclusions of law.

## Standard of Review

A temporary injunction is an extraordinary remedy that does not issue unless the party seeking relief pleads and proves three specific elements: (1) a cause of action; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002). A trial court at a temporary injunction hearing determines whether the applicant is entitled to preserve the status quo pending trial on the merits. *Id.; Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978). The status quo is defined as the last, actual, peaceable, non-contested status that preceded the pending controversy. *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004).

On appeal, the scope of review is limited to the validity of the temporary injunction order. *See Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex.1993). We do not review the merits of the underlying case. *Davis*, 571 S.W.2d at 861. Instead, we determine whether there has been an abuse of discretion by the trial court in granting or denying the relief. *Id.* at 862. In making this determination, we may not substitute our judgment for that of the trial court unless its decision was so arbitrary that it exceeded the bounds of reasonableness. *See Butnaru*, 84 S.W.3d at 204. A trial court abuses its discretion in granting or denying a request temporary injunction when it misapplies the law to the established facts. *See State v. Sw. Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex.1975).

## Temporary Restraining Order

In their first point of error, Mattox and Wilkerson argue that the trial court erred by granting a request for a temporary restraining order based on an oral application. We do not reach the merits of this point of error because it exceeds the scope of our review under this interlocutory appeal.

Except as provided by statute, a party may not appeal an interlocutory order. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex.2001). Mattox and Wilkerson have brought this interlocutory appeal pursuant to subsection 51.014(a)(4) of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (Vernon 2008). Under that subsection, appellate review is limited to an order that "grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65." *Id.* This section does not provide for appellate review of a temporary restraining order. Accordingly, the validity of the temporary restraining order is beyond the scope of this appeal. *See In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex.2002) (holding grant or denial of temporary restraining order is generally not appealable).

We overrule Mattox and Wilkerson's first point of error.

## Temporary Injunction

In their second point of error, Mattox and Wilkerson argue that the trial court erred by granting a request for a temporary injunction without a written application for temporary injunction and without any verification or affidavit.

The Jacksons' petition only sought a permanent injunction. There is no application in the petition for a temporary restraining order or a temporary injunction. Nor is the petition verified. The trial court noted in its order setting the hearing

date for the temporary injunction that the application was oral. The Jacksons never submitted a written application to the court or any affidavit in support of their oral application.

■ "No writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief." TEX.R. CIV. P. 682. A verified petition for injunctive relief is not required to grant a temporary injunction, however, when a full evidentiary hearing on evidence independent of the petition has been held. *Georgiades v. Di Ferrante,* 871 S.W.2d 878, 882 (Tex.App.-Houston [14th Dist.] 1994, writ denied). We must turn, then, to the hearing on the application for temporary injunction.

In their third, fourth, and fifth points of error, Mattox and Wilkerson argue that the trial court erred by not allowing evidence to be presented at the temporary injunction hearing and by granting a request for a temporary injunction based on insufficient evidence.

At the hearing, the trial court repeatedly stated that it did not want to get into the facts of the case. The trial court stated that, instead, it only wanted to know the status of the suit concerning the cancellation of the dedication and whether the status quo of the roadway had changed. Counsel for Mattox and Wilkerson repeatedly attempted to discuss the facts concerning the change in the status quo of the roadway and at one point represented to the trial court that he was prepared to present evidence. Each time, the trial court repeated that it did not want to get into the facts of the case and determined that Mattox and Wilkerson's allegations

were fact issues. Accordingly, we hold there is no evidence independent of the petition that would render the lack of a verification harmless.

The only argument raised by the Jacksons in their brief is, "The purpose of a temporary injunction is to preserve the status quo until a trial on the merits," citing *Walling v. Metcalfe* for this proposition. 863 S.W.2d at 57. A trial court may grant a request for a temporary injunction to preserve the status quo, however, only after "the applicant establishes a probable right on final trial to the relief sought, and a probable injury in the interim." *Id.* The applicants must prove that they are entitled to preservation of the status quo. It is not presumed that a change in the status quo entitles the applicant to an injunction.

It was the Jackson's burden to plead and prove three specific elements: (1) a cause of action; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *See Butnaru,* 84 S.W.3d at 204. Because there was no verified application for temporary injunction and because the Jacksons did not present any evidence at an evidentiary hearing in order for them to carry their burden, we hold that the trial court abused its discretion in granting the Jacksons' oral application for temporary injunction.

We sustain Mattox and Wilkerson's second, third, fourth, and fifth points of error.[2]

### Attorneys' Fees

At the end of their brief, Mattox and Wilkerson note that the suit stems from the Jacksons' declaratory judgment action. They further note that an award of attorneys' fees is provided for in a declaratory

2. Because we reverse the order granting the request for a temporary injunction based on these points of error, we do not need to address Mattox and Wilkerson's remaining points of error concerning the injunction.

**764**

judgment action. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.009 (Vernon 2008). Mattox and Wilkerson ask this Court "to rule that they are entitled to an award of attorney[s'] fees and costs as plead[ed]." They recognize that this issue has been raised for the first time on appeal but claim, without citation to any legal authority, that the issue could not be presented until the completion of this appeal. Even if this were true, the scope of review on appeal of an order granting a request for a temporary injunction is limited to the validity of the temporary injunction order. *See Walling,* 863 S.W.2d at 58.

We deny Mattox and Wilkerson's request for a ruling that they are entitled to an award of attorneys' fees and costs.

### Conclusion

We reverse the trial court's order granting the Jackson's request for a temporary injunction and remand the cause for further proceedings.